## ELIZABETH E. WATSON v. DANIEL M. WATSON.

*Case made—Misnomer.*

Case made will lie to bring up an order setting aside a *capias ad respondendum* and directing judgment for defendant.

A *capias* cannot be set aside on a motion based on defendant's affidavit that the name by which suit was begun was not the plaintiff's true name; the objection, if raised at all, must be raised by plea.

Case made from Kent.    Submitted and decided Jan. 11.

CASE, begun by *capias ad respondendum*, plaintiff setting forth in her affidavit that her father, whose name was Snell, had died when she was five years old; that her mother had re-married and died; that her stepfather, who was poor, had cared for her until she was twelve, when she was taken by defendant and his wife to live with them; that defendant was represented to be a wealthy and honest farmer, with no children; that at his request and with the understanding that she should be regarded as his daughter, she had taken his name; that he had from the first year of her residence

in his family sought to debauch her, and had corrupted her mind by filthy talk; that when she was about fifteen years old he had by alternately harsh and affectionate treatment worried her into submitting to him, and that criminal relations had thereafter been kept up between them, until he had a child by her. Defendant, being arrested on the *capias*, moved to set aside the proceedings on the ground that the writ was irregularly issued, not being sued out in plaintiff's name; and supported his motion by an affidavit that her name was Snell. The motion was granted and judgment was entered against plaintiff for costs. Reversed.

*Godwin & Earle* for plaintiff. A name voluntarily assumed and recognized by the community becomes to all intents the name of the person adopting it: *In re John Snook* 2 Hilt. 572; *Doe v. Yates* 5 B. & Ald. 544; *Cooper v. Burr* 45 Barb. 9; *Petrie v. Woodworth* 3 Caine 219; *Goodenow v. Tappan* 1 Ham. (Ohio) 61; *Jones' Estate* 27 Penn. St. 336; misnomer is to be pleaded in abatement: Stephen on Pleading 285; 1 Chitty Pl. 451; 1 Bouv. Law Dict. 22; *Medway v. Adams* 10 Mass. 363; *Smith v. Bowker* 1 Mass. 76; *Gilbert v. Bank* 5 Mass. 97; *Pate v. Bacon* 6 Munf. 219; *Porter v. Cresson* 10 S. & R. 257; *Cooper v. Burr* 45 Barb. 34; *Seely v. Boon* 1 N. J. L. 138; *Chappell v. Proctor* Harp. L. (S. C.) 49; judgment quashing a writ and giving defendant costs is final and reviewable: *Hatheway v. Jones* 20 Ark. 109; *Flanagan v. Hutchinson* 47 Mo. 237; *Rogers v. Gosnell* 51 Mo. 466; *Weston v. City Council* 2 Pet. 449.

*John T. Holmes* for defendant. Case made will not lie to bring up interlocutory orders: *Holbrook v. Cook* 5 Mich. 225; nor an order dismissing a *capias* and discharging defendant from arrest: *Adams v. Church* 22 Mich. 79; proceedings on motion to set aside a *capias* are not reviewable on error after judgment: *Miller v. Rosier* 31 Mich. 475; where irregularities are apparent on the face of the record they can not be taken advantage of by plea: *Nichols v. Nichols* 9 Wend. 263; but must be complained of at the

first opportunity: id. 10 Wend. 560; *Walmsley v. Macey* 5 Moore 168; a person cannot go by different names: *Evans v. King* 1 Willes 554; Story Pl. 92.

PER CURIAM. The judgment entered put an end to the action, and the objection that it is not subject to review on case made is not tenable. The defendant moved on affidavit to set aside the writ by which the suit was commenced on the ground that the name assumed by the plaintiff was not the true one, and the court entertained the motion and set the writ aside and then entered the judgment complained of. The proceeding was irregular.

The objection, if it had any foundation, was required to be raised by plea and it was error to decide the question on motion.